# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| DONTRALE DEMARKO PHILLIPS | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-17956 |
| LOUISIANA DEPARTMENT OF PUBLIC SAFETY, ET AL. | SECTION: "B"(5) |

## ORDER AND REASONS

The instant 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, Dontrale Phillips, against Defendants alleging retaliation by jail officials and failure of certain state agencies to maintain accurate records related to criminal matters. (Rec. doc. 3). He requests monetary compensation and injunctive relief. (*Id.*). Plaintiff's accompanying application to proceed *in forma pauperis* (rec. doc. 4) is a non-dispositive pretrial matter that was referred to the undersigned United States Magistrate Judge pursuant to Local Rule 72.1(B)(1) and 28 U.S.C. § 636(b)(1).

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, now codified at 28 U.S.C. § 1915(g), provides that a prisoner shall not be allowed to bring a civil action pursuant to 28 U.S.C. § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on grounds that it was frivolous, malicious, or failed to state a claim for which relief could be granted, unless the prisoner is under imminent danger of serious physical injury.

Phillips, a frequent litigant in federal court, has filed numerous civil actions while incarcerated. The Court's records establish that at least three of his prior § 1983 complaints were dismissed as frivolous and/or for failure to state a claim upon which relief

could be granted. *See Dontrale Demarko Phillips v. John C. Simoneaux, et al.*, Civil Action No. 13-2438-DDD-JDK (W.D. La.); *Dontrale Demarko Phillips v. Rapides Parish, et al.*, Civil Action No. 13-1925-JTT-JDK (W.D. La.); *Dontrale Phillips v. Rapides Parish Judge's Office*, Civil Action No. 15-0250-SDD-SCR (M.D. La.).[1] He has therefore accumulated three "strikes" under the PLRA.

Plaintiff may not proceed as a pauper in this action unless he fits within the "imminent danger" exception of § 1915(g), which applies to prisoners "under imminent danger of serious physical injury." Imminent danger refers to threats that are "real and proximate," meaning "a genuine emergency where time is pressing." *See e.g., Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998). Plaintiffs must state specific facts, not conclusory allegations, to establish this level of urgent concern for their physical safety. *Rittner v. Kinder*, 290 F. App'x 796, 798, 2008 WL 3889860 (6th Cir. 2008)(recognizing other circuit courts have denied leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are "conclusory or ridiculous," *Ciarpaglini*, 352 F.3d at 331, or are "'clearly baseless' (i.e. are fantastic or delusional and rise to the level of 'irrational or wholly incredible).'" *Gibbs v. Cross*, 160 F.3d 962, 967 (3rd Cir. 1998)(quoting *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992)); *see also Dallas v. Gamble*, 2 F. App'x 563 (7th Cir. 2001); *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986). For this reason, Plaintiff's unsupported and absurd allegation that correctional officers at the Louisiana State Penitentiary place

---

[1] His request to proceed as a pauper in connection with other federal civil complaints has been denied previously under 28 U.S.C. § 1915 (g). *See e.g., Dontrale Phillips v. Unknown Honeycutt, et al.*, Civil Action No. 17-411-JWD-RLB (M.D. La.).

2

poisonous serpents in his cell on a daily basis in retaliation for his filing civil complaints does not satisfy the imminent-danger exception. Consequently, Plaintiff is not entitled to proceed *in forma pauperis* pursuant to the provisions of the Prison Litigation Reform Act.

Accordingly, **IT IS ORDERED** that Plaintiff's motion to proceed *in forma pauperis* is **DENIED**. 28 U.S.C. § 1915(g).

New Orleans, Louisiana, this   5th   day of                February               , 2018.

**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**